LANTRY *v.* SUTTON.

*(Common Pleas of New York City and County, Equity Term.   January 24, 1889.)*

PRINCIPAL AND AGENT.

   One who had acted as the agent of the defendant for certain purposes, but who was paid by H. to procure a loan for him, and induced the defendant to make it, was the agent of H. in such transaction.

*MacFarland, Boardman & Platt,* for plaintiff.   *Shipman, Barlow, La-rocque & Choate,* for defendant.

BOOKSTAVER, J. This action is brought by the plaintiff, as assignee for the benefit of the creditors of H. Edgar Hartwell & Co., to set aside, as fraudulent, a chattel mortgage given by said firm to the defendant to secure a loan made by him to it about three weeks before the assignment. On the trial it was substantially admitted, and it was certainly proved, that the loan was made by the defendant in good faith. The only ground on which it is sought to set the mortgage aside is that plaintiff claims it covered changing stock, and that there was a tacit agreement between the parties that the mortgagors should go on in their business, using therein so much of the mortgaged property as was available for that purpose, without accounting to the defendant therefor. The law governing chattel mortgages in changing stock has been so well settled in this state that citation of authorities is scarcely needed. An agreement between the parties to the mortgage by which the mortgagor is permitted to go on making sales without accounting to the mortgagee therefor is void; and this is so whether the agreement is contained in the mortgage, or is made outside of it, and it makes no difference whether the agreement is verbal or in writing. *Southard* v. *Benner*, 72 N. Y. 424. Yet there must be this agreement, and a conscious, concurrent assent of both parties to it, and this must be proved just as any other agreement is,—either directly, or by such facts and circumstances as will convince the judgment of a fair mind of its existence. *Brackett* v. *Harvey*, 91 N. Y. 214; *Potts* v. *Hart*, 99 N. Y. 168, 1 N. E. Rep. 605. In the case under consideration it is not claimed there was any express agreement to this effect, either in the instrument or out of it; and I fail to find any tacit agreement or understanding that the mortgagors should use the mortgaged property, or any part of it, in their business. Plaintiff's assignors were artistic designers and decorators. Their place of business was arranged as a suite of furnished rooms, illustrating the effects to be produced by the blending of colors, and the artistic arrangement of furniture, hangings, etc. There were no counters in the place, nor were there other means of stowing articles, except as they were arranged on the floors or disposed on the walls, etc.; and, although one of the assignors testifies that some of the goods in the place were sold, and others had been before the making of the mortgage, there is no proof that the mortgagee had any knowledge of such sales, and he denies that he knew of any. There is nothing in the way the business was conducted to throw any suspicion on this denial. In fact, plaintiff but feebly contends that defendant had any knowledge on the subject. He relies on the fact that Charles C. Tyler was defendant's agent, and that he had such knowledge. But here again the evidence is not sufficient to establish the fact of agency in this particular transaction. It is true that Mr. Tyler, who is an attorney, did business for the defendant, and was his agent for certain purposes, among others collecting his rents from H. Edgar Hartwell & Co., yet in this transaction I think he acted rather as the agent for the above firm. They had had a loan some time before from defendant on the same security, which they had paid. They afterwards applied to him for a new loan. This he refused. They then requested Mr. Tyler to procure one for them, and he induced defendant to make the loan of .$2,500, giving the mortgage in controversy as security therefor. Mr. Tyler was paid by them for his services in the matter, and defendant paid him nothing. It is clear from the evidence that Tyler said nothing to defendant about Hartwell & Co. using any of the goods covered by the mortgage in their business. He denies that he knew they used any of the property in the business, although he knew there was a workshop in the rear. Whether he did or not is immaterial, as I think he acted as agent for Hartwell & Co. in the transaction, and there was no understanding or agreement between him and the defendant, or between him and the plaintiff's assignors, that the mortgaged property should be so used. Even if Tyler knew the fact that Hartwell & Co. were making sales, under *Potts* v. *Hart*, *supra*, it would not vitiate the mort-

gage. The defendant should therefore have judgment dismissing the complaint on the merits, with costs. The allegations of the complaint are not sufficient to attack the assignment, but it is not necessary to discuss this matter, as the facts proved do not warrant any judgment in favor of plaintiff, or any amendment to his complaint.