## JOHNSON *v.* SHATTUCK.

Opinion delivered November 11, 1899.

1. USURY—BONUS TO BROKER.—Where a money lender agreed to lend $2,000 at 8 per cent. interest, and took a note for that amount, due five years after date, and the borrower received only $1,850, the residue being retained by certain brokers, not shown to have been agents of the lender, no usury is shown. (Page 161.)

2. SAME—MISTAKE.—Where by mistake notes drawing interest at a lawful rate were made to fall due a year too soon, and thereby one of the interest notes given for an amount larger than intended, the loan was not rendered usurious. (Page 162.)

Appeal from White Chancery Court.

THOS. B. MARTIN, Chancellor.

*S. S. Wassell* and *Jos. W. House,* for appellant.

Shattuck & Hoffman and Rives were the agents of the mortgage company, and the first loan was usurious. Interest could not be deducted for more than one year in advance. 60 Ark. 288. The usury was not purged by the second transaction, and appellee took subject thereto. 41 Ark. 331. Further, on the questions of usury and agency, see 54 Ark. 43; 51 Ark. 544.

*Rose & Coleman,* for appellees.

The parties who secured the loan were not the agents of appellee, and the bonus or commission paid to them was lawful. 57 N. W. 311, 51 Ark. 544.

BATTLE, J. This action was instituted in the White chancery court by A. R. Shattuck, as trustee, and A. L. Richardson, against A. T. Jones and his wife, Anne Jones, for the purpose of foreclosing a mortgage which he executed on the 24th of December, 1892, to secure the payment of certain notes. The defendants answered that the notes were void for usury.

The facts, as we glean them from the evidence adduced at the hearing, are, substantially, as follows: In 1887 A. T. Jones applied, through Shattuck & Hoffman, to the British and American Mortgage Company, Limited, for the loan of $2,000. The mortgage company agreed to loan him the $2,000 for five years at eight per cent. per annum interest until paid, and. he executed his note for the $2,000 and eight per cent per annum interest thereon from maturity until paid, bearing date the 12th of February, 1887, and payable on the 1st day of December, 1892, and six notes for the installments of interest which were to accrue before the maturity of the note for the principal, and a mortgage to secure the payment of the notes. Jones testified that he received only $1,850, and that $150 was reserved by Shattuck & Hoffman and J. F. Rives, Jr., and that he borrowed the money from Shattuck & Hoffman, and Rives was not his agent. At the maturity of this loan, Jones was unable to pay, and again applied to Shattuck & Hoffman for a new loan, to pay the amount due on the old; and they secured a loan for $2,000 from A. L. Richardson, one of the plaintiffs, two hundred dollars of which was to become due on the first day of December, 1893, two hundred on the first of December, 1894, two hundred on the first of December, 1895, two hundred on the first of December, 1896, and $1,200 on the first of December, 1897. Separate notes were given for each of the installments, each due and payable at the time when the installment for which it was given became due, and bearing ten per cent. per annum interest from maturity until paid, and a note was given for the interest that accrued on each December before the

maturity of the note for $1,200; that is to say, for the interest which accrued on the first day of December, 1893, and on the first day of each of the Decembers in 1894, 1895, 1896, and 1897, making five notes in all, and each bearing ten per cent per annum interest from the time the interest for which it was given accrued until paid. A mortgage was executed to secure the payment of these notes. It declared that, if default was made in the payment of any of them at its maturity, the whole of them, at the option of Richardson, should become due and payable. Other facts not stated are sufficiently indicated in the opinion which follows. A decision was rendered for the amount due on the notes according to the terms of the mortgage, providing that, if this amount was not paid by a day stated, the property mortgaged should be sold to pay the same; and the defendants appealed.

There was no usury in the first loan, nor in the notes and mortgage executed to the British & American Mortgage Company, Limited, to secure the same. Admitting that the mortgage company agreed to loan Jones $2,000, and took his notes for that amount and 8 per centum per annum interest thereon until paid, and that Jones received only $1,850, and Shattuck & Hoffman and Rives held the remainder, $150, there was no usury committed. He did not agree to pay, and the company did not consent to take, more than eight per cent, per annum on $2,000,—that is $160,—for interest, annually. Jones admits that he received $1,850. It was lawful in this state to take any rate of interest not exceeding ten per cent. per annum. Ten per cent. per annum on the $1,850 would be $185. The company was to receive only $160, lacking $25 per annum of making as much as it could lawfully take on the $1,850.

But appellants insist that the one hundred and fifty dollars retained by Shattuck & Hoffman and Rives was a part of the consideration paid for the first loan, and that, added to the eight per cent per annum interest which he agreed to pay, rendered that loan usurious. This contention is based upon the assumption that Shattuck & Hoffman and Rives were the agents of the British & American Mortgage Company, Limited, in

making the loan, and that the one hundred and fifty dollars were compensation to them for the services rendered to the principal. But the assumption is not true. Jones did not know in what relation Shattuck & Hoffman and Rives stood to the mortgage company. He knew that he applied to them to secure a loan, and that he received $1,850. He exhibited a statement in which it is shown that he was indebted to Shattuck & Hoffman in the sum of one hundred and twenty dollars, and to Rives in the sum of thirty dollars, and testified that these sums were taken out of the $2,000, which the Mortgage Company agreed to loan to him. The evidence shows that a part of the business of Shattuck & Hoffman and Rives was to secure loans of money for persons desiring to borrow; that Jones applied to them, and that Shattuck & Hoffman, as his agents, applied to the mortgage company for a loan of $2,000 to Jones, and received that amount for him; that he executed notes therefor and interest thereon to the mortgage company; and that Shattuck & Hoffman and Rives, or either of them, were not its agents for any purpose. The appellants attempted to show, by circumstantial evidence, that they were, but the evidence adduced for that purpose is entirely consistent with that which shows the contrary. Hence we find that the payment of the $150 to them, in addition to the eight per cent. interest, did not constitute usury.

The second loan was for $2,000 at ten per cent. per annum interest. It was made by A. L. Richardson, plaintiff, in 1892. No commission or expense of any kind was charged to Jones, or paid by him, on account of it. The papers evidencing and securing it were incorrectly written. The notes were correctly described in the mortgage, but in writing the notes the first note was dated December 24, 1892, and was made due on the first of December, 1892, and all the other notes, following the first note as a guide, were, each, made to fall due one year too soon, and the note for interest for the fractional year was given for about two dollars too much. The error in the amount was caused by a mistake in the calculation of interest. We think that the evidence clearly shows that there was no agreement to pay, nor intention to receive, more than ten per cent.

per annum in the contract for the last loan, and that all appearances to the contrary in the writings evidencing the contract was the result of mistake, and that the contract, as intended to be made was not, usurious.

Decree affirmed.