## ALDRICH *v.* McCLAY.

### Opinion delivered May 13, 1905.

1. USURY—MISTAKE.—Reservation of excessive interest through mistake of fact on the part of the lender does not render the contract usurious. (Page 390.)

2. SAME—CASE STATED.—Where a lender, acting for himself and not for the borrower, purchased claims against the latter at a small

discount, and loaned the latter the money to discharge the claims with interest reserved at 10 per cent., the transaction was not usurious, and he had a right to enforce the loan for the full amount of the debt and interest.  (Page 390.)

Appeal from Garland Chancery Court.

Leland Leatherman, Judge.

Affirmed.

### STATEMENT BY THE COURT.

This is a suit in chancery brought by appellee to foreclose a mortgage on certain real estate situated in the city of Hot Springs, and appellants pleaded usury.

Appellant A. C. Aldrich applied to appellee for a loan of $850, to be, in part, used in payment of certain debts owing by him represented by his note to one Burrough for $200, and notes to Mrs. Starbuck stated at the time to be for $475, including interest.  Appellee, before making the loan, bought the Burrough note at a discount of $5, and also paid Mrs. Starbuck $465, and the notes were assigned to him by blank indorsements.  Appellants then executed to appellee a note for $850 payable five years after date, with interest at 10 per cent. per annum payable semi-annually, and the mortgage to secure same; and appellee deducted $200 in satisfaction of the Burrough note, $475 in satisfaction of the Starbuck note, $9 in reimbursement for expenses of the loan according to agreement, and paid appellants the balance of $166.  Appellants claim that the Starbuck notes and interest thereon up to that date amounted only to the sum of $464, and that the deduction of $11 in excess of that amount rendered the contract usurious.

Appellee testified that Aldrich told him that he owed Mrs. Starbuck $475, and he then went to Mrs. Starbuck, who told him that the debt and interest amounted to $475, and he offered her $465 which she at first declined, and later accepted, and assigned the notes to him.  He said that he did not, at the time, compute the interest on the Starbuck notes, but accepted her statement of the amount, and the statement of Aldrich, as correct.  Aldrich and wife both testified that they told appellee the Starbuck debt

amounted to about $475, and believed that to be the correct amount until a few days after the loan was made.

The Starbuck debt was represented by a series of notes each for the sum of $30, payable at intervals of three months, with interest at the rate of 10 per cent. per annum. Some of them con-- tained a stipulation that if the interest should not be paid annually, or when the note became due, the same should become principal, and bear the same rate of interest. A computation of interest according to this stipulation made the amount of the debt and interest aggregate the sum of $476 at the date of the loan by appellee to appellants. Aldrich testified that the incor- poration of this stipulation in some of the notes occurred by mis- take, and was not intended by the parties thereto, and that he did not discover this mistake until after the commencement of this suit. These notes were executed by Aldrich to Mrs. Starbuck for part of the consideration of sale by her of a portion of the real estate embraced in appellee's mortgage.

The court decreed a foreclosure of the mortgage for the full amount of the debt ($850) and interest, and amount of insurance premium paid by appellee.

*M. S. Cobb,* for appellants.

The facts show usury. Sand & H. Dig. § § 5084, 5085; Const. Ark., art. 19, § 13. There was no contract of sale between Mrs. Starbuck and Mr. McClay. 1 West. Rep. 913; 104 Ind. 41; 20 Mo. 556; 96 U. S. 659; 1 West. Rep. 442; 19 Mo. App. 183. When and whether title to an article is to pass is a question of intuition. 5 N. Eng. Rep. 895; 5 *Ib.* 788; Benj. Sales, 239. If McClay had bought the notes, he would not have been subrogated to any rights in them which his vendor did not have. Bisph. Eq. § 335; Bouvier, Law Dict. 417; 36 N. J. Eq. 527; 53 Ark. 271; 1 N. Y. 595; 14 Ves. Jr. 159; 28 N. J. 271; 25 How. Pr. 384; 2 Abb. Pr. 409; 58 N. Y. 583; 1 Story, Eq. § 499.

*A. J. Murphy,* for appellee.

There was no usury in the transaction, and appellee was subrogated to the rights of Burrough and Mrs. Starbuck. 25 Ark. 258; 28 Ark. 401; 44 Ark. 504. Further, on the proposition of usury, see: 62 Ark. 370; 41 Ark. 331; 25 Ark. 191. The amount shown by the face of the papers to be due could not be changed by Starbuck's testimony. 46 Ark. 167; 49 Ark. 425.

McCULLOCH, J., (after stating the facts.) Upon no theory deducible from the facts of this case can a plea of usury be sustained. Computing interest, according to stipulation, upon those of the Starbuck notes containing the stipulation for compounding interest at maturity, it makes the amount of that debt $476. If that method of computation be discarded, and the total be thereby reduced to $464, as claimed by appellants, the preponderance of the testimony establishes a mistake on the part of appellee. He was told by Aldrich that the amount of the debt and interest aggregated $475, and he testifies that he accepted that statement as true without computing the interest. The reservation of excessive interest through mistake of fact on the part of the lender does not render the contract usurious. *Garvin* v. *Linton,* 62 Ark. 370; *Jarvis* v. *Southern Grocery Co.,* 63 Ark. 225; *Johnson* v. *Shattuck,* 67 Ark. 159.

Appellants contend, however, that appellee had no right to require them to pay more on the Starbuck debt than the amount he paid Mrs. Starbuck, regardless of the correct amount of that debt and interest. But appellee was not acting as their agent in the purchase of the Starbuck debt, and had the right to demand of them the full amount of the debt and interest; and if he labored under an honest mistake caused by a statement made to him by appellants concerning the amount of the debt, the transaction would not be usurious. Aldrich testified positively that appellee procured the Starbuck and Burrough notes without any previous understanding or agreement between them that he should do so. Even if appellee had procured those notes as agent of appellants, and imposed upon them by reserving out of the loan more than the amount he had paid, that would be such a fraud as a court of equity would correct by reduction of the mortgage debt *pro tanto,* but it would not render the entire debt void, unless it was found to be a mere device for cloaking usury.

The decree is affirmed.