[No. 10097. Department Two. February 2, 1912.]

GEORGE W. MOORE, *Respondent*, v. W. J. BLACKBURN *et al.*, *Appellants*.[1]

PRINCIPAL AND AGENT—EMPLOYMENT OF AGENT—BROKERS—EVIDENCE—SUFFICIENCY. The evidence is sufficient to show that a broker to secure a loan was the agent of the borrower tó pay off a prior mortgage on the property, where it appears that he was employed by the borrower for a commission, that the lender, who was to have a first mortgage lien and had no knowledge of the first mortgage, drew a check for the amount of the loan in favor of the broker to enable him to draw the money and obtain his commission, the borrower not being known at the bank, whereupon these two went to the bank to draw the money, it being previously agreed that the broker should discharge all liens on the property; but the mortgage was not discharged, the borrower later conveying the land and leaving the state, and the broker having paid interest on the first mortgage for a time and committed suicide upon the matter being investigated; hence the borrower's grantee is chargeable with payment of the first mortgage.

[1] Reported in 120 Pac. 875.

*Appeal from a judgment of the superior court for King county, Tallman, J., entered April 17, 1911, in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to foreclose a mortgage. Affirmed.*

*Allen & Allen,* for appellants.

*S. W. Farquhar* and *Warren H. Lewis,* for respondent.

MORRIS, J.—Appellant Blackburn was the owner of property in the city of Seattle, upon which there was a mortgage of $1,000, and other liens approximating $700. He desired to unite these liens in one loan, and applied to J. R. Kellogg, a loan broker, for a loan of $1,750. Kellogg found respondent willing and able to make the loan, and after some negotiations, including the examination of an abstract by Kellogg, the parties met in Kellogg's office on December 23, 1908, to complete the transaction. Respondent, at the request of Blackburn and Kellogg, made out a check for $1,750, payable to Kellogg, partly to enable Kellogg to get his commission and partly because Blackburn was unknown at the bank, and Kellogg and Blackburn went to the bank to obtain the money. It had been previously agreed between Blackburn and Kellogg that Kellogg would take the proceeds of the Moore loan and pay off the $1,000 mortgage and the other liens, so that the $1,750 mortgage would be the only lien against the property. It cannot be determined from the record what became of the money after the cashing of the check, as Blackburn had left the country after conveying the property to his codefendant, Walter B. Allen, on July 21, 1909, and Kellogg is dead. However, whoever as between Blackburn and Kellogg undertook to pay off the first mortgage, neglected to do so, and it is still an existing lien against the property, and the question to be determined on this appeal is whether the amount now due upon it is chargeable to respondent, upon the theory that Kellogg was his agent, and he must suffer for Kellogg's neglect, or whether both mortgages shall be treated as existing liens against the property.

The answer to this question is to be determined by our conclusion as to whose agent Kellogg was in retaining the money to pay off the first mortgage and other liens. Agency is a fact to be determined by the peculiar circumstances of each case; so that there are many cases holding that the broker who acts as intermediary between the parties is, under some conditions, the agent of one party, and under other conditions, the agent of the other party. It seems to us, however, that the problem must be solved by determining under whose direction the broker was acting. It is plain from the record that Kellogg was acting under the direction of Blackburn in undertaking to pay off the first mortgage. There is no evidence before us that respondent had any knowledge of these prior liens. In fact, the only evidence is that he at no time knew of them prior to November, 1910. What became of the money is unknown. If Blackburn took it, respondent cannot be charged with his failure to pay off the mortgage. If Blackburn left it with Kellogg for that purpose, which we are inclined to believe from the fact that Blackburn had consented that he should do so, instead of his attorney J. H. Allen, and that Kellogg subsequently paid interest on it, then, for this purpose, he was the agent of Blackburn, and Blackburn and his grantees must suffer for his failure to fulfill his duty. There can be no dispute from this record that Moore, at the time of the loan, had no knowledge of this first mortgage. How, then, could he make Kellogg his agent to do something the necessity for which had at no time and in no manner been called to his attention? Under these circumstances, the following cases are in point in holding that the broker is the agent of the borrower: *Englemann v. Reuse*, 61 Mich. 395, 28 N. W. 149; *Lipman v. Noblit*, 194 Pa. St. 416, 40 Atl. 377; *Pepper v. Cairns*, 133 Pa. 114, 19 Atl. 336, 19 Am. St. 625, 7 L. R. A. 750.

It is undisputed that Kellogg was employed by Blackburn to obtain this loan, and was to be paid a commission for his services. This fact alone, under the ruling of many cases,

would make him the agent of Blackburn. *Thomas v. Desney,* 57 Iowa 58, 10 N. W. 315; *Johnson v. Shattuck,* 67 Ark. 159, 53 S. W. 888; *Knox County v. Goggin,* 105 Mo. 182, 16 S. W. 684; *Cooper v. Headley,* 12 N. J. Eq. 48; *Lantry v. Sutton,* 5 N. Y. Supp. 14.

If Blackburn was relying upon appellant's agent to pay off the first mortgage, it seems strange that, from December 23, 1908, until his deed to Allen, July 21, 1909, he made no effort to ascertain if such payment had been made. His silence is not so strange if he undertook to do so himself, or made Kellogg his agent for that purpose. It is clear that respondent believed he held a first mortgage, and that, as soon as he was informed that he did not, he went to Kellogg's office to ascertain the truth of the fact; and while he was making an investigation, Kellogg committed suicide. All these facts convince us, it was represented to respondent that he was to hold a first mortgage, and that he at all times believed he so held. The testimony of counsel for appellants establishes the fact that Blackburn agreed that Kellogg should hold the money and pay off the liens for him. Upon all the facts, we are clear that Kellogg was Blackburn's agent for the purpose of making these payments, and that the judgment of the lower court is right.

Appellants suggest in their brief that the court erred in not allowing a continuance to obtain the testimony of Blackburn. Upon reviewing the record on this matter, we find no error in the court's ruling.

The judgment is affirmed.

DUNBAR, C. J., MOUNT, and ELLIS, JJ., concur.