[No. 21927. Department Two. December 26, 1929.]

PACIFIC SAVINGS & LOAN ASSOCIATION OF TACOMA, *Respondent,* v. W. T. CORBETT *et al., Defendants,* I. E. MARKLE *et al., Appellants.*[1]

[1]Reported in 283 Pac. 479.

46

*C. T. Hardinger,* for appellants.

*Grinstead, Laube, Laughlin & Lichty* and *C. P. Borberg,* for respondent.

FRENCH, J.—One Corbett and wife, defendants in the lower court, being the owners of a lot in the city of Seattle, some time in the latter part of the year 1926, commenced the erection of a dwelling house thereon. On the first of February, 1927, they borrowed from the Barron-Thompson Company, a Seattle corporation, three thousand dollars, giving therefor a note secured by a mortgage on the real property involved in this action, and on which they were erecting the house. The note provided for installment payments of $37.50, or more, at the option of the makers, each month. This loan was what is commonly known as a building loan, and the money secured thereby was retained by the Barron-Thompson Company to be paid out on orders issued by the Corbetts for labor and material.

It seems that a bond was issued by an indemnity company protecting the Barron-Thompson Company in this transaction, guaranteeing, in so far as they were concerned, the completion of the house free from liens. Thereafter the Barron-Thompson Company sold and assigned their note and mortgage to the respondents, there being some dispute in the record as to exactly the time when this took place. The lower court found that the assignment of the mortgage of date February 18, 1927, was filed for record March 1, 1927, and that the assignment actually took place prior to March 20, 1927, and prior to the time when any money became due.

During the month of May, 1927, the Corbetts sold the property to Hendricks and wife, defendants below, on a monthly installment contract of purchase. Thereafter the Corbetts, desiring to sell their equity in the property, and evidently believing that it would be more salable if the mortgage outstanding was a straight mortgage rather than a monthly installment mortgage, delivered to the Barron-Thompson Company on May 31, 1927, their new note and mortgage for three thousand dollars, payable in three years. Early in June, 1927, the Corbetts sold the property in question to appellants, the deed reciting that the property was sold subject to the three-thousand-dollar mortgage dated May 31, 1927, and payable to the Barron-Thompson Company, this being the last mortgage given as a straight three-year mortgage as distinguished from the installment mortgage which had, prior to that time, been assigned to respondent. The last mentioned mortgage, dated May 31, 1927, was thereafter sold by the Barron-Thompson Company to Mrs. Barbara Rummens.

The business transaction on behalf of Mrs. Rummens was handled by her son, Mr. George H. Rummens of Seattle, who testified that the mortgage, as sold to Mrs. Rummens, was to be a first mortgage and prior to any and all liens and incumbrances of every kind. Certain liens were filed against the property, and the money received by the Barron-Thompson Company from Mrs. Rummens was thereafter returned to her and that mortgage was canceled, it being the claim of the officers of the Barron-Thompson Company, who testified in this action, that there was never a time when $3,000 would pay off the various claims against the property, and that therefore the mortgage could not be made a first mortgage, and for that reason the money had to be returned to Mrs. Rummens.

August 8, 1928, the respondent brought foreclosure proceedings, claiming that the installment mortgage which they held was in default according to the acceleration clause by reason of failure to pay any part of the principal as the same became due, and also by reason of the failure to pay about ten months of back interest. All of the parties to the action defaulted except the appellant, who answered and cross-complained, alleging generally some of the foregoing facts as we have set them forth, claimed that the Barron-Thompson Company had failed to pay labor and material claims, notwithstanding they had funds remaining in their possession with which to pay the same; had allowed lien claims to be filed on the property; alleged that the old installment note, on which this action was brought, had been paid by the giving of the new note, and claimed that they had been so advised by the Barron-Thompson Company; alleged that the Barron-Thompson Company had informed them that the installment mortgage had been paid and satisfaction therefor had been executed, and that the same would be filed of record; alleged that the Barron-Thompson Company had made settlement with the Globe Indemnity Company, the surety on the bond which they had taken; alleged that Barron-Thompson Company were the agents of respondent and that respondent was bound and estopped by the statements and representations that were made by the Barron-Thompson Company; alleged that there had been no accounting for the proceeds of the mortgages, and that the same had not been applied as contemplated by the parties; alleged that the real party in interest was the Barron-Thompson Company; asked that it be made a party to this action, and prayed for general relief.

A number of witnesses testified, many exhibits were

admitted in evidence, and from a decree foreclosing the mortgage, this appeal is prosecuted.

Appellant's first assignment of error is that the note and mortgage were not due at the time the foreclosure action was commenced, the claim being that the foreclosure suit was based on the acceleration clause of the due date of the principal mortgage. But the testimony conclusively shows that, commencing on March 20, 1927, the interest only was paid for a period of some five months, and no payments of principal were made, so that, at the time this suit was commenced, the mortgage was in default more than a year in payments of any kind on the principal, although monthly payments had been provided for, and was in default a number of months on the payment of interest, as provided for in the note and mortgage.

It is claimed that the officers of the building and loan association did not authorize the commencement of this foreclosure proceeding, and therefore it was unauthorized. But this is no concern of the appellants, and cannot constitute a defense. Although it is claimed that respondent was not a holder in due course of the note and mortgage in question, the evidence clearly shows to the contrary, and the lower court so found. The note was past due. Action might have been brought at any time thereon. A complaint was prepared by attorneys, filed in court, and the officers of the company testified for and on behalf of respondent, and whether, in the first instance, they authorized the commencement of this action is immaterial, as by their subsequent actions they ratified the bringing of the action.

If we understand the real contention of appellant, it is that the mortgage foreclosed in this suit was satisfied by reason of the fact that the Barron-Thompson Company had taken a second mortgage of

$3,000, placed the same of record, sold it and had $3,000 available therefrom with which to pay off the first mortgage. That, as a collecting agent of the respondent, it had a right to receive full payment at any monthly due date of the amount owing to respondent. But the testimony shows conclusively that Barron-Thompson Company, at the time they took the $3,000 second mortgage, and at the time they transferred the same to Mrs. Rummens, never had sufficient money on hand to pay respondent's mortgage and discharge the liens upon the property.

It may be that appellants have a cause of action against the Barron-Thompson Company for their action in the matter. This may well be reserved to them if any exists, for, while they asked that the Barron-Thompson Company be made a party to this action, nothing has been certified to this court in the transcript touching the action of the court on this application, so that the matter is not now before us for determination. It may well be admitted that the Barron-Thompson Company had full right to collect on any interest-paying date the full amount of the mortgage due respondent, but the facts show that no such amount was paid or tendered to it. The agency which existed in the Barron-Thompson Company to collect on behalf of respondent was limited. The most favorable view that can be taken of the testimony is that the extent of the agency of the Barron-Thompson Company was to receive payments on this mortgage as the same became due. They were not authorized to make statements concerning the same or give advice or make promises which would bind the respondent. *Keating v. Michigan Central R. Co.,* 97 Mich. 154, 56 N. W. 346, 37 Am. St. 328; *Bowles Co. v. Clark,* 59 Wash. 336, 109 Pac. 812, 31 L. R. A. (N. S.) 613, 21 R. C. L., p. 853; *Martin v. United States,* 2 T. B. Mon. (Ky.) 89, 15 Am.

Dec. 129; *Hoffman v. John Hancock Life Ins. Co.,* 92 U. S. 161, 23 L. Ed. 539; *Moore v. Blackburn,* 67 Wash. 117, 120 Pac. 875.

We think it clearly appears from the facts in this case that respondent was a holder in due course and for value of the note and mortgage in question; that the mortgage was of record at the time appellants took title to the property; that respondent had made no representations of any kind concerning the same, and that the Barron-Thompson Company were the agents of respondent for a limited purpose only, namely, the collection of the note in question.

Appellants purchased this property subject to a three-thousand-dollar mortgage. At no time did they offer to do equity and pay the three-thousand-dollar loan which they admit was against the property at the time they bought it. That respondent owned the note and mortgage sued upon, was apparent from an examination of the record at the time appellants purchased the property. Being holders in due course and for value, and not being estopped by any action on its part, and not being bound by any representations of the Barron-Thompson Company because of the limited agency of that company, we are unable to find any defense to the foreclosure action. Most of appellants' assignments of error must be disposed of adversely to their contention by reason of the fact that we adopt the finding of the trial court that respondent is a holder in due course and for value.

If appellants have been damaged in any way by reason of the acts or representations of the Barron-Thompson Company, such matters can be tried in a proper action to which that company is a party.

Affirmed.

MITCHELL, C. J., FULLERTON, and MAIN, JJ., concur.

HOLCOMB, J., concurs in the result.