Young *v.* Jones.

8   219
90   580
8   219
f141   749

Where a party seeks to recover for work and labor performed under a special contract, which he sets out in his petition, the defendant may show that the work was performed under a special contract differing from that declared upon by the plaintiff.

Where a plaintiff claimed of the defendant $164 50, and averred that at the special instance and request of defendant, he worked for him nine-

ty-four days, and defendant promised to pay him therefor, $1 75 per day —all of which was denied by the answer; and where, on the trial, the defendant offered to prove that the work done by plaintiff was done under a special contract, by which he was to pay the plaintiff $75 00— which testimony was rejected by the court; *Held*, That the evidence was admissible.

The loan or payment of money is not ordinarily the subject of charge n book accounts; and such a charge not being such as is made in the ordinary course of business, cannot be proved by the account book.

To render books of account competent to prove the payment of money, the party offering must show that he is engaged in a business to justify such charges, as that of the business of banking; or of receiving money on deposit, and paying it out for others.

If allowed at all, the privilege must be strictly guarded, and only allowed where the jury may be of opinion that the party is without any other proof, and that there has been such a course of continuous dealing between the parties, as that small sums passing between them in the ordinary course of business, became the legitimate subject of charge in book account.

The statute of Iowa, providing for the admission of books of account in evidence, has made no such distinction, as that small sums of money, may be proved by a party's books of account, but that large sums shall not be so proved.

*Appeal from the Des Moines District Court.*

SATURDAY, APRIL 9.

The plaintiff sued the defendant, claiming the sum of $164 50, and averring that at the special instance and request of defendant, he worked for him ninety-four days, and defendant promised to pay him therefor $1 75 per day, which he now refuses, &c. The defendant answered, denying that plaintiff worked ninety-four days, as alleged; denying that he owed the plaintiff $164 50, as alleged, or any part thereof; and denying that he undertook and promised to pay plaintiff $1 75 per day for his work. There was also a plea of payment and of set-off.

On the trial, the defendant offered to prove that the work by plaintiff was done under a special contract, for which defendant was to pay the plaintiff $75 00. The testimony was objected to by the plaintiff; the objection was sustain-

ed by the court, and the evidence excluded.   The defend-
ant proposed to prove his set-off by his books of account,
and in the language of the bill of exceptions, "in the regu-
lar manner, as provided by law, qualified the same, and that
each and all the items in defendant's set-off, were charged
in defendant's book of accounts." Thereupon the book was
permitted to go to the jury as evidence.   The set-off con-
tained items of money paid to plaintiff, amounting to thir-
ty-five dollars—one item of twenty dollars, and three each of
five dollars.   The court charged the jury, that "the items
of the set-off for money paid, could not be proved by the
book of accounts; and that the book was not, of itself, evi-
dence of the fact of money paid to plaintiff, as charged
therein, and contained in defendant's set-off.   To this ru-
ling of the court, the defendant excepted.

*Browning & Tracy*, for the appellant.

*C. Ben Darwin* for the appellee.

STOCKTON, J.—We think the evidence first offered by
the defendant, should have been received.   The plaintiff
does not sue to recover, as upon a *quantum valebat*, or
*quantum meruit*, for as much as his work was worth, or as
much as he therefor reasonably deserved to have; but he
sues as upon a special contract, by which he avers, the de-
fendant promised to pay him one dollar and seventy-five
cents per day, for ninety-four days' work.   Without con-
sidering, at present, whether the plaintiff was bound to
prove the contract as laid, and whether a misstatement of
the quality or nature of the defendant's promise, and his
consequent liability theron, would be a fatal error, subject-
ing the plaintiff to a non-suit, it is evident that the defend-
ant may be allowed to show, in any manner, that the contract
laid in the petition was not the agreement of the parties;
and what mode so effectual for this purpose, as to prove an
entirely different contract and promise of defendant?   If

the defendant could have proved that the agreement of the parties was, that for the work done by the plaintiff, he was to be paid seventy-five dollars only, the evidence would at least have gone to defeat his claim *pro tanto ;* and it might become a question whether he could recover at all in this action, without amending his petition.

Books of account are competent evidence, when the charges they contain are made in the ordinary course of business. This fact is to be determined by the jury, from the charges themselves, and from the rules of law applicable to the business transactions of men. One of these rules is, that the loan, or payment of money, is not ordinarily the subject of a charge in book account; and that the charge not being such as is made in the ordinary course of business, by one party against another, cannot be proved by the account book. To render the book competent to prove the payment of money, the party offering it must show that he is engaged in a business to justify such charges ; as, to illustrate, in the business .of banking, or of receiving money on deposit, and paying it out for others. If the payment or loan of money constituted, in any just sense, the ordinary business of defendant, and these charges of money paid, were made in the ordinary course of business, he may justly claim the right to prove them by his books, but not otherwise.

The rule that the books are inadmissible to prove the loan or payment of money, has been so far departed from in some of the New England states, as to allow the proof, by the book of original entries, of the payment of money not exceeding forty shillings, or six dollars and sixty-six cents, ($6,66). *Bassett* v. *Spofford,* 11 N. H., 169 ; *Burns* v. *Fay,* 14 Pick., 12 ; *Union Bank* v. *Knapp,* 3 Ib., 109 ; *Prince* v. *Smith,* 4 Mass., 455 ; *Wetherell* v. *Swan,* 32 Me., 247 : *Richardson* v. *Emery,* 3 Foster, 220.

The exception may have some show of necessity, if not of principle, to support it. Our statute, however, has made no such distinction, as that small sums of money may

be proved by a party's books of account, but that large
sums shall not be so proved.   If allowed at all, the privilege
must be strictly guarded, and only admitted in cases where
the jury may be of opinion, that the party is without any
other proof; and that there has been such a course of con-
tinuous dealing between the parties, as that small sums of
money passed between them in the ordinary course of bus-
iness, and became the legitimate subject of a charge in
book account, by one against the other.   If they should so
judge, we think they should be at liberty to allow the same.
See *Veiths* v. *Hagge*, 163.

Judgment reversed.