## SLOAN v. AULT.

In an action to recover for goods, wares, and merchandise, sold and delivered, the plaintiff offered in evidence his books of account, which contained a charge against the defendant as follows :   " To cash, as per receipt, $50 00." The defendant objected to the competency of the book to prove the charge for money, which objection was sustained by the court; *Held*, 1. That the receipt was the best evidence of the payment of the money; and that until it was produced, or its absence accounted for, no lesser grade of evidence could be received; 2. That the books were not competent evidence to prove the payment of the money.

*Appeal from the Jasper District Court.*

SATURDAY, APRIL 9.

AN action on an account for goods, wares, and merchandise sold and delivered. The defendant denied the indebt-

edness.    To prove the truth of the account sued on, the plaintiff gave in evidence his book of original entries, and after reading to the jury certain of the items therein charged to the defendant, he came to the charge :    "To cash, as per receipt, $50 00."    The defendant objected to the competency of the book to prove the charge for money ; the court sustained the objection, and plaintiff excepted.

*Samuel A. Rice*, for the appellant.

*Miller & Winslow* and *W. H. Seevers*, for the appellee.

STOCKTON, J.—We think there was no error in this ruling of the court.    The charge in the book referred to a receipt, which appears to have been taken at the time of the transaction.    This receipt was not produced, nor was there any attempt to account for its absence.    Until produced, or its absence accounted for, no lesser grade of evidence could be received to show the payment of money to the defendant.

Books of account are receivable in evidence to prove the truth of charges by one party against the other, made in the ordinary course of business.    Code, section 2406.    Money lent or paid, especially if in any considerable amount, is not ordinarily the subject of a book charge.    The authorities to this effect are uniform, and have been fully considered by us in the case of *Veiths* v. *Hagge, ante,* 163 ; *Young* v. *Jones, ante,* 219.

The general rule of law, as applicable to the business transactions of men, is, that a person lending or paying money, usually takes a note or receipt; that such a transaction is not usually the subject of a charge in book account ; and the charge, not being such as is made in the ordinary course of business by one party against another, cannot be proved by the books of account.    If the party is engaged in a business to justify such charges, as in the business of banking, or of receiving money on deposit, and paying it out for others, the book may be competent evidence to prove them. This does not, however, apply to the case of a party en-

gaged in keeping a shop for the sale of goods, wares, &c., which are charged to his customers in open or running account. He cannot be permitted to offer his books in evidence, as sufficient, of themselves, to prove the loan or payment of money to his customers.

Judgment affirmed.