ORCUTT v. HANSON, Ex'x.

1. **Estates of Decedents:** CLAIM OF FOURTH CLASS: ALLOWANCE AFTER ONE YEAR: EQUITABLE CONSIDERATIONS. The facts of this case considered, (see opinion,) and *held* to show such peculiar circumstances as to entitle plaintiff to equitable relief, under Code, § 2421, against the provision of the statute which requires claims of the fourth class against estates to be filed and proved within twelve months of the giving of the notice of administration.

2. **Practice on Appeal:** TRIAL DE NOVO: EFFECT OF INCOMPETENT EVIDENCE. A cause triable *de novo* will not be reversed on account of the admission of incompetent evidence, if the competent evidence sustains the judgment appealed from.

3. **Evidence.** LOAN OF MONEY: BOOKS OF ACCOUNT. While a loan of money cannot ordinarily be proved by books of account, yet where one is engaged in the business of loaning money, and he makes charges of

loans in his books of account in the ordinary course of his business, such books may be introduced in evidence against the executor of the borrower, in proving a claim against his estate for the amount of the loans.

## *Appeal from Greene Circuit Court.*

### THURSDAY, MARCH 3.

THIS is a proceeding to establish a claim against the estate of George F. Hanson, deceased. The cause was, by agreement of the parties, tried in equity. There was a judgment for the plaintiff. Defendant appeals.

*R. S. Ervin,* for appellant.

*Russell & Tolliver* and *Piatt & Carr,* for appellee.

ROTHROCK, J.—I. The claim consisted of an account for money loaned, and for taxes paid, and for money paid to others at the request of the deceased. It was filed on the twenty-fourth day of September, 1885, and on the same day an original notice was served upon the defendant that a hearing would be had thereon at the next term of the circuit court of Greene county, which term commenced on the fifth day of October, 1885. The defendant appeared at that term, and the plaintiff filed a motion for a continuance of the cause until the next term on account of the absence of a witness, and because of sickness in plaintiff's family. The court sustained the motion against the objection of the defendant. The next term of court, and the term at which the trial was had, was held in February, 1886. The year within which to file and prove claims, under the statute, expired about October 20, 1885. The principal question in the case is, was the claim of the plaintiff barred under section 2421 of the Code? That provision of the statute requires that all claims of this character, not filed and proved within twelve months of the giving of the notice of administration, are forever barred, unless the claim is pending in the district

*1. ESTATES of decedents: claims of fourth class: allowance after one year: equitable considerations.*

court or supreme court, or *unless peculiar circumstances entitle the claimant to equitable relief.*

Counsel for defendant strenuously contends that the court below was in error in finding and determining that there was sufficient proof to entitle the plaintiff to equitable relief; and the cases of *Brewster v. Kendrick*, 17 Iowa, 479; *Lacey v. Loughridge*, 51 Id., 629; *Clark v. Tallman*, 68 Id., 372; and other cases in this court, are relied upon as sustaining the proposition maintained by counsel. In most of the counties of the state there have been but two terms of the circuit court held in each year, and in some counties the business of the courts is such that an action cannot be reached in its regular order for trial at the first term, and at the second term there may be good cause for a continuance of the proceeding. In that event the claim would be barred under the statute, no matter how prompt the claimant may have been in filing his claim, and pressing its allowance. He must therefore show peculiar circumstances entitling him to relief. In the case at bar, the notice of administration was given in October, 1884. The next term of the court thereafter commenced in January, 1885, and the second term commenced in October, 1885. The plaintiff did not file his claim at the first term. We think that he showed such circumstances connected with the claim, and his business relations with the deceased and the executrix, as to excuse him from presenting his claim at that term.

The plaintiff resides at Durant, in Cedar county. The decedent formally resided there also. He removed to Scranton, in Greene county, several years before his death. He owned a farm in Cedar county, and was indebted to certain parties in that county. It appears from the correspondence between the plaintiff and decedent that plaintiff negotiated the sale of the farm, and paid off a mortgage against decedent, advanced him money at various times, and paid taxes for him. There seems to have been the utmost confidence between them. The defendant is the widow of the decedent,

and had full knowledge of the business relations of her husband with the plaintiff, and we think the court was authorized in finding from the evidence that, until after the first term of the court, the plaintiff was justified in believing that his claim would be allowed by the defendant without litigation. We think such a finding was correct, not only from the acts of the parties, but from the fact that the claim appears to us to be just, and not one of that class which never would have been presented if it were not against an estate. The claim differs in this respect very materially from the demand held to be barred in the case of *Clark v. Tallman, supra.* It is not the policy of the law to encourage litigation, and it is commendable in parties having business difficulties to use all proper means for settlement before resorting to the courts. We think the evidence in this case shows that this was the course pursued by the plaintiff, and that he ought not to be held guilty of *laches* in not proving his claim prior to the February, 1886, term of the court. The result of the continuance ordered at the October, 1885, term was that the claim could not be proved within the year. We think that under the circumstances the plaintiff's claim should not be held barred by reason of being compelled to ask for a continuance. The record shows that he was 200 miles away from home, and that his family was sick and required his personal attention, and that he could not well remain in attendance at that term of court, and that the attendance of a material witness could not be secured at that term. The record further shows that the plaintiff was himself a material witness upon the trial. In view of all these considerations, we think the claim should not be held to be barred.

II. Defendant's counsel makes other objections to the rulings of the court below. They are that the books of account of the plaintiff were erroneously admitted in evidence, and that the plaintiff was permitted, over the objection of the defendant, to testify to personal transactions between himself

2. PRACTICE on appeal: trial de novo: effect of incompetent evidence.

Orcutt v. Hanson, Ex'x.

and the decedent, contrary to the provision of section 3639 of the Code. In answer to this last objection, we deem it sufficient to say that we do not discover that any oral evidence of personal transactions between the parties was given by the plaintiff. Certain letters written by the decedent were identified by the plaintiff's testimony; and if any oral statement was made by him in explaining the correspondence, which oral statement partook of the nature of a personal transaction, it was not prejudicial to the defendant, because we hold that the account or claim was fully proved by other competent evidence; and, as the case is triable anew in this court, we would not reverse if the competent evidence sustains the decree of the circuit court. As to the admission of the plaintiff's books of account in evidence, we have

3. EVIDENCE: loan of money: books of account. to say that it appears from the record that the plaintiff was engaged in the real estate, general brokerage and discount business, and loaning money, in Durant, Iowa, and his books show a continuous dealing with others as a money broker. The character of his business with the deceased, as shown by the evidence, was loaning him money, and advancing money for him, without notes or other evidence of indebtedness except his book accounts; and it further appears that the deceased knew that plaintiff was loaning him money, and keeping an account of the transactions between them. It is correct, as claimed by counsel for the defendant, that a loan of money cannot ordinarily be proved by a book of account. But the evidence shows that the plaintiff was engaged in the business of loaning money, and that the charges in his account-book were made in the ordinary course of his business. In such case, the book is competent evidence of the transactions between the parties. *Young v. Jones*; 8 Iowa, 219.

AFFIRMED.