W. J. DYSART, Administrator, v. JOSEPH FURROW, Appellant.

Transaction with Decedent: LAYING FOUNDATION FOR INTRODUCTION OF BOOKS. Code 3639, providing that no party may be examined as to a personal transaction between him and a person then dead, does not prevent the examination of such party as to facts required to be shown preliminary to his introduction of a book of account to establish a claim against a decedent's estate, and, upon proper authentication, the book is admissible to establish such claim.

*Appeal from Tama District Court.*—HON. J. H. PRESTON, Judge.

MONDAY, JANUARY 29, 1894.

PLAINTIFF, as administrator of the estate of J. W. Bowen, deceased, brings this action to recover upon three promissory notes. Defendant answered, admitting liability on the notes, and setting up as counterclaim an alleged indebtedness of the deceased to him on account for boarding, merchandise, meat, etc., furnished by defendant. Also on an account to E. E. Furrow for services as housekeeper, for nursing, etc., which was assigned to defendant for value. Plaintiff replied, denying the counterclaim, and pleading the statute of limitations as to part thereof. A jury being waived, the case was tried to the court, and judgment rendered in favor of the plaintiff for the full amount of the notes. Defendant appeals, assigning as errors certain rulings of the court excluding evidence offered by the defendant.—*Reversed.*

*W. H. Stivers, J. W. Willett* and *N. C. Rice* for appellant.

No appearance for appellee.

GIVEN, J.—The defendant was called as a witness, and testified that he was running an hotel or boarding

house and a liverybarn in 1878, 1879, and 1880, and a meat market since January, 1883; that he kept books of account, and had them in court. He testified without objection that he kept his accounts while in the hotel and livery business in one book; that it was his book of original entries; that the charges therein were made by him at or about the time of the transactions, and that the entries therein are correct. Defendant then offered page seventy-four of this account book, marked "Exhibit A" in evidence. Plaintiff objected as incompetent, immaterial, and irrelevant. "Received, subject to objection, to be determined on the argument." Defendant was then asked a number of questions with a view to the introduction of the book, to each of which plaintiff's objections were sustained. Defendant offered to prove that Exhibit A was his book of original entries; that the entries were in his own hand, and that he believed them to be just and true. Plaintiff objected to these offers as irrelevant, incompetent, and immaterial, which objections were sustained. Defendant again offered page seventy-four of said book in evidence, to which plaintiff made the same objections, and the objections were sustained. We have no argument for appellee, and no reason is given in the record in support of these rulings. The only ground that occurs to us for the rulings is that the evidence was held inadmissible under section 3639 of the Code, which, as applicable to this question, is as follows: "No party to any action or proceeding * * * shall be examined as a witness in regard to any personal transaction or communication between such witness and a person at the commencement of such examination deceased, insane or lunatic." The examination was as to matters which, under section 3658 of the Code, the defendant was required to show by his own oath or otherwise before his book of account could be admitted in evidence. The facts

which he was required to show were that said book
was his book of original entries, that the charges were
made at or near the time of the transactions therein
entered, and that he believed them just and true.
With these facts shown, defendant was entitled to
introduce his book, and if it showed "a continuous
dealing with persons generally, or several items of
charge at different times against the other party," to
have it considered as evidence, "subject to all just
exceptions as to their credibility." An examination
as to the facts required to be shown preliminary to the
introduction of a book of account is not an examina-
tion in regard to personal transactions or communica-
tions between the witness and the deceased, within the
meaning of said section 3639. To properly understand
and apply that restriction to an examination of a
witness, we must have in mind the reason for the
statute. By section 3636, "every human being with
sufficient capacity to understand the obligation of an
oath is a competent witness in all cases both civil and
criminal, except as herein otherwise declared." The
exceptions are not as to the competency of witnesses,
but the restrictions that are placed upon their examina-
tion in said section 3639 and in section 3642 as to com-
munications between husband and wife. Under said
section 3636 all persons are competent witnesses,
regardless of their relation to or interest in the action
or proceeding. Each party may meet his adversary
from the witness stand as well as in his pleadings, and
admit or deny that which he has said as to personal
transactions or communications between them. If
the transaction or communication was personal, it
must be known alike to both, and, therefore, either
may admit or deny. When by death, insanity, or
lunacy the lips of one party are closed, section 3639
wisely closes the mouth of his adversary as to personal
transactions and communications which the silent party

might from personal knowledge deny, were he able to speak. Personal transactions and communications, as contemplated in the statute, are transactions and communications between the parties, of which both must have had personal knowledge. This defendant was a competent witness, and entitled to testify as to all material facts except as to such personal transactions and communications between him and the deceased. For him to testify that his book Exhibit A was his book of original entries, that the charges were made at or near the time of the transactions therein entered, and that he believed them to be just and true, would not be stating anything that the deceased, if living, could deny from personal knowledge. The deceased might, if living, deny that he received any one or all of the items charged, but this would be denying that which the book tends to show, and not any of the three preliminary facts which defendant was prevented from showing. *Roche v. Ware*, 71 Cal. 375, 12 Pac. Rep. 284; *Snell v. Parsons*, 59 N. H. 521. This book of account, when properly authenticated, was admissible in evidence, even against the estate of a deceased person. The statute expressly and without qualification permits the preliminary facts to be shown by the party's oath, and in so showing them he is not examined as to personal transactions between him and the deceased. We think the book should have been admitted on the first offer on the evidence introduced without objection. If its sufficiency was doubted, then the defendant should have been permitted to make the proofs which he offered to make.

Other errors are assigned, but, as we have no argument for appellee, and as, for the reasons stated, the judgment must be reversed, we will not here consider the other assignments of error. REVERSED.