UNITED STATES BANK, Appellant, v. ANNA BURSON *et al.*

**Principal and Agent.** Where in dealing with an agent a loan company reserves the right to accept or reject all applications for loans, the fact that interest on a given mortgage which is not in the agent's possession, is paid to him, which interest he remits in order to be able to deliver up the interest coupons, and the fact that the mortgagee advised the agent that the mortgage had been assigned, confers no authority upon the agent to collect the mortgage. *Security Co. v. Graybeal,* 85 Iowa, 453, *followed.* (1)

SAME. Where one applies to his own agent for a loan to pay off an existing mortgage and the mortgagee does not know that a loan for such purpose has been negotiated, nor authorized the agent to accept or hold the money for him, the mortgage is not satisfied until said agent actually pays the money to the mortgagee. *Graybeal's case, ante, followed.* (3)

**Loan Register not a Book of Account.** The register of a loan agent is not admissible as "a book of account," under Code 3658, or to show the payment of a loan, but is a private memorandum of the owner. *Same case followed.* (2)

*Appeal from Warren District Court.*—Hon. J. H. Henderson, Judge.

Thursday, February 1, 1894.

Action on a note, and for the foreclosure of a mortgage securing the same. From a judgment and decree dismissing plaintiff's bill, it appeals.—*Reversed.*

*W. H. Berry* and *Park & O'Dell* for appellant.

Kinne, J.—I. October 15, 1881, the defendants executed to the United States Trust Company their note and mortgage for three hundred dollars. The loan was to be due December 1, 1884. The petition is in the usual form for foreclosure of a mortgage. After the note and mortgage was given, the United States Trust Company was merged into plaintiff. The answer pleads that the note and mortgage was fully paid about February, 1885, to one Hugh R. Creighton, as the agent of plaintiff, and that plaintiff refuses to cancel said mortgage of record. These facts are denied in a reply. The further facts disclosed on the trial are that the note and mortgage in suit was payable in plaintiff's office, in Hartford, Connecticut; that no money was ever paid plaintiff on account of the principal; that the loan was originally made through Creighton & Hayes, of Indianola, Iowa, who were acting as agents for the Union Loan Association, of Des Moines, of which H. R. Creighton was the owner and manager. The interest on the loan was paid to Creighton & Hayes, who gave to defendants their receipts therefor. About the time this loan became due, defendants made application to the Union Loan Association, through Creighton & Hayes, for a loan for the purpose of paying off plaintiff's mortgage. This new mortgage and note ran to one Gilbert D. Kingman, of Massachusetts.

By the terms of the application of defendants for this last loan the Union Loan Association was expressly made their agent to procure the loan. It is claimed that the proceeds of this last mortgage were in fact applied to the payment of plaintiff's claim. The money, if any, received on the last loan, never came into defendants' hands, and they have no personal knowledge that the same, or any part thereof, was ever applied on plaintiff's indebtedness by the Union Loan Association.

II. To establish the fact that plaintiff's claim was paid from the proceeds of the Kingman loan defendants introduced in evidence the loan register of the Union Loan Association, which was duly objected to. This book, if not the same, was identical with that introduced in evidence for a like purpose in *Security Co. v. Graybeal*, 85 Iowa, 453, 52 N. W. Rep. 498. It was there held that such a book is not a book of accounts, but simply a private memorandum of the owner, and inadmissible for the purpose of showing payment of a loan. In that case, as in this, no proper foundation was laid for the introduction of the book, even if it was a book of accounts such as is contemplated by the statute.

III. Much evidence was introduced to show that the Union Loan Association was the agent of plaintiff for the collection of their notes and mortgages. The facts respecting this matter are very similar to *Graybeal's case*. It is clear that in procuring the Kingman loan Creighton or the Union Loan Association was acting as the agent of defendants. They made the application to him or the association for the loan. He held the money received of Kingman, if any, as defendants' agent. Neither Creighton nor the association, while holding this money as defendants', could make it the money of plaintiff, so as to work a payment of plaintiff's note and mortgage, except by send-

ing it to plaintiff, unless it, knowing that Creighton or the association had the money, consented to some other application of it, or so acted that in law it would amount to a consent that Creighton or the association should hold the money as plaintiff's agent. There is no claim that plaintiff had any knowledge that defendants were negotiating a new loan, and plaintiff was in no way connected with the transaction. There is no evidence that Creighton or the loan association had any authority to collect plaintiff's claim. After the execution of plaintiff's note and mortgage they were never in the possession of Creighton & Hayes or H. R. Creighton or the Union Loan Association. What is said in *Security Co. v. Graybeal* is applicable to this branch of the case, and need not be repeated here.

The facts herein touching the payment of interest and the general conduct of the business of Creighton and the loan association are the same as in that case, and for the reasons therein stated it has not been shown that Creighton or the loan association were the agents of plaintiff, and authorized to collect its claim; and it further appears that the claim has not been paid. The district court improperly dismissed plaintiff's bill. No competent evidence of payment having been adduced, plaintiff was entitled to a judgment and decree. It is due to the learned judge who tried this case below to say that the *Graybeal case* had not then been decided in this court. All questions arising in this action are so fully considered in that case that we need not further discuss them. The judgment of the district court is REVERSED.