ARNEY BROTHERS & CRAWFORD V. HENRY MEYER,.
Appellant.

**Practice on Appeal:** PRESUMPTIONS. The district court should pre sume, on writ of error, that the admission, over objection, of incompetent but material evidence, was prejudicial, though the transcript or bill of exceptions sent up does not show all the evidence.

**Practice:** BOOKS OF ACCOUNT should not be admitted in evidence in the absence of preliminary proof required by Code, 3658.

*Appeal from Carroll District Court.*—HON. C. D. GOLDSMITH, Judge.

FRIDAY, DECEMBER 13, 1895.

*B. I. Salinger* for appellant.

*Douglas Rogers* and *McCrary & McCrary* for appellees.

Deemer, J.—This case comes to us on a certificate from the trial judge. The case was originally brought in justice court upon an open account for the sum of five dollars and ninety-five cents. The defendant interposed a counterclaim for the sum of two dollars and fifty cents. There was a trial to a jury in justice court, and a verdict was returned for plaintiff for the sum of ninety-five cents. The defendant sued out a writ of error to the district court, and the district court sustained the justice. The appeal is from this ruling on the writ of error.

We will not set forth the certificate, for the expense of printing it would exceed the amount of the judgment. Two questions are presented. One relates

to the sufficiency of preliminary proof to justify the admission of certain books of account in evidence; the other, as to the presumption of prejudice arising from an erroneous ruling, where the justice of the peace does not certify up all the evidence received before him.

The certificate recites that the plaintiffs failed to show that the charges in the books were made in the ordinary course of business; that it did not appear that the books, or the set to which they belonged, showed a continuous course of dealing with persons generally, or several items of charge at different times against the defendant, nor were any of the charges introduced in evidence verified by any person who made the same, to the effect that said persons believed them to be just and true, and no reason was given for the failure to make such verification. It is strange, indeed, that the district judge should certify to us the question as to whether the books were admissible or not, under such a record. A reading of the statute (Code, section 3658), answers the question in the negative.

It is said, however, that, if error was committed by the justice, it was error without prejudice, for that all the evidence introduced before the justice is not contained in the transcript or bill of exceptions. It is conceded that the evidence was material, and, as it is admitted over the objections of the defendant, we must presume that the jury considered it. *Leasman v. Nicholson,* 59 Iowa, 259 (12 N. W. Rep. 270 and 13 N. W. Rep. 289); *Johnson v. Harder,* 45 Iowa, 680. "Where there has been error a presumption of prejudice arises; and, if the record fails to satisfy us that no prejudice has been caused, then such error cannot be disregarded." This should not be left in serious doubt. *Potter*

*v. Railroad Co.*, 46 Iowa, 399. See, also, *Strobel v. Moser*, 70 Iowa, 126 (29 N. W. Rep. 821). Looking to such of the record as we have in this case, we cannot say that the error was without prejudice. It is with extreme reluctance that we reverse this case, for it should never have been presented to this court. But it will not do to announce erroneous rules of law simply to rid ourselves of such appeals. Such questions as are here presented ought never to be certified to this court. They are unimportant to every one save the litigants, and our time ought not to be taken up with such trifling cases.—*Reversed.*