ACME HARVESTER COMPANY ET AL., APPELLEES, V. EDWARD CURLEE, APPELLANT.

FILED DECEMBER 7, 1906. No. 14,459.

1. **Principal and Agent:** ACCOUNTING: PLEADING: EVIDENCE. Where defendant is sued for an accounting for goods alleged to have been received under the terms of a written contract of agency, he may, under a general denial, show that the goods in controversy were received under another and different contract from that laid in the petition.

2. **Rulings:** ERROR. Action of the trial court in the exclusion of testimony examined, and *held* prejudicial.

APPEAL from the district court for Red Willow county: ROBERT C. ORR, JUDGE. *Reversed.*

*Hall, Woods & Pound,* for appellant.

*E. M. Bartlett* and *W. S. Morlan, contra.*

OLDHAM, C.

This is an appeal from a judgment rendered by the district court for Red Willow county in a suit for an accounting originally instituted by the Acme Harvester Company against the defendant, in which the First National Bank of Chicago was afterwards joined as plaintiff by leave of the court. The suit was based upon a written contract of agency entered into by the Acme Harvester Company with the defendant, and asked for an accounting of moneys, notes, machinery and other property, which was alleged to have come into the defendant's hands under the written contract of agency. The petition also prayed

for an injunction to restrain the defendant from disposing of the property, and for the appointment of a receiver to take charge of the property pending the litigation. The First National Bank of Chicago was the assignee of the contract, and held it as security for an indebtedness owed to the bank by the harvester company. The answer to the petition was a general denial. On a trial of the issues to the court, a judgment was rendered in favor of the plaintiff, as prayed for in its petition. To reverse this judgment defendant has appealed to this court.

The conditions of the written contract of agency, on which plaintiff relies, were set forth at length in the petition. The contract contains provisions for the sale on commission of machines and extras thereafter to be ordered by the defendant. The company did not unconditionally bind itself to furnish the machinery and extras when ordered, but agreed that it would do so "as fast as the same are ordered to the extent of its ability so to do; provided, however, if from any cause whatever it is unable to furnish the machines ordered, or any extras thereto, it shall not be liable for any damages whatever." The amount of the commission on certain of the machines named in the contract was to be determined at a later time than the signing of the contract, and the exhibit attached to the contract contained a certain list on which no prices were fixed or commissions named at the time of the signing of the contract. The contract also had a provision concerning the machines then on hand, but, as there were none in defendant's possession at the time it was signed, this portion of the contract has no bearing on the controversy, for the suit was brought only for an accounting for machines and repairs alleged to have been delivered to the defendant after the signing of the contract and under the conditions therein enumerated. Under this condition of the contract, the plaintiff, in support of its cause of action, offered the depositions of two of its agents, W. A. Howard and W. G. Michael, for the purpose of showing, among other things, that there were

thirteen or fourteen sample or second-hand machines delivered to defendant for sale on commission, on which no prices were fixed in the written contract and on which, by a subsequent oral agreement between the agent of the company and the defendant, a 20 per cent. commission was to be allowed on whatever the machines could be sold for. When plaintiff had closed its testimony, defendant was offered as a witness in his own behalf. After admitting his signature to the written agreement alleged upon, and that that was the only written agreement that he had signed for the sale of machines during that year, he was asked by his counsel:

"Q. You may state whether or not there was a subsequent oral contract between yourself and the Acme Harvester Company with reference to the handling of machinery for the company. A. There was."

"Plaintiff objects as not admissible under the issues joined, incompetent and irrelevant. Sustained. Defendant excepts. The defendant offers to prove by the witness on the stand that subsequently to the date of the alleged contract attached to the petition he did make an oral contract with the Acme Harvester Company through its agent, Mr. Howard, and that the machinery in controversy was sold to him and handled by him under and pursuant to said oral contract, and not in pursuance of the written contract claimed by the plaintiff. Plaintiff objects on the ground that no such issue is tendered by the answer, and on the further ground that whatever machinery he received from the plaintiff was to be disposed of according to the terms of the written contract. Sustained. Defendant excepts." Being thus excluded from introducing evidence to support the defense relied on under his general denial, defendant offered little other material testimony, and now assigns the action of the trial court in excluding this evidence as reversible error.

The first objection interposed to the testimony, which was that it was not admissible under the issues joined, we think is untenable from an inspection of the pleadings.

The suit was instituted for an equitable accounting between the plaintiff and defendant under an alleged written contract of agency, by the terms of which defendant was said to have received the machines and extras in controversy. This contract on its face was not completed at the time it was signed, and required other acts to be done by the parties before machines should be delivered under it; that is, it required defendant to order the goods and plaintiff, if it were possible and convenient, to fill the orders. Consequently, a general denial put in issue the question as to whether or not the goods were actually ordered and received under the terms of this contract. In other words, the writing, standing alone, did not evidence an executed contract, but rather an executory one requiring in some of its terms a subsequent oral agreement between plaintiff and defendant for its completion. Again, there is nothing in the contract that either specifically binds the defendant to order any number of machines from the plaintiff, or, as before pointed out, that required plaintiff to unconditionally furnish the machines when so ordered. Consequently, until the order for and delivery and receipt of machinery under the contract, there was no completed contract. It was therefore incumbent upon the plaintiff to show that the machines were actually sold and delivered under the contract alleged upon. *Kingman & Co. v. Davis,* 63 Neb. 578. It would then follow that, under a general denial, defendant might show the receipt of machines and extras under another and different contract from that alleged upon by the plaintiff. *Wiedeman v. Hedges,* 63 Neb. 103. *Young v. Jones,* 8 Ia. 219. In the latter case it was said: "It is evident that the defendant may be allowed to show, in any manner, that the contract laid in the petition was not the agreement of the parties; and what mode so effectual for this purpose, as to prove an entirely different contract and promise of defendant?" It must be remembered that this is not an action at law for the breach of an alleged written contract, but rather a suit in equity for an accounting for property charged to have

been received under such contract, so that at the threshold of the issue lies the question as to whether or not the goods were received by defendant under the contract alleged upon.

The second ground of objection, "that whatever machinery he received from the plaintiff was to be disposed of according to the terms of the written contract," rests upon a mere assumption of the truth of the allegations to be established. Of course, if the defendant received the goods under the terms of the written contract, he must account for them according to such terms, but, if, as he was attempting to prove, he received them under another and different contract, his accounting would be made accordingly.

Again, the court permitted the plaintiff to show in chief that a portion of the machinery was sold and delivered to defendant under a subsequent oral contract, and, having permitted plaintiff to go into this question in chief, it was clearly erroneous to prevent the defendant from showing how many of the machines were received under such subsequent oral agreement.

We are therefore of opinion that the learned trial court erred in excluding the testimony offered, and we recommend that the judgment of the district court be reversed and the cause remanded for further proceedings.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.