[No. 12872. Department Two. December 23, 1915.]

ARTHUR EDMONDS, *Appellant*, v. LOUIS ALTMAN *et al.,* *Respondents.*[1]

USURY—"AGENTS" OF LENDER—PENALTIES—PROFITS OF AGENT—LIABILITY—STATUTES. Where plaintiff purchased and accepted a note from brokers which was made payable directly to himself, without ever having dealt with the makers, the brokers are agents of the plaintiff, either by authority or ratification, within the meaning of Rem. & Bal. Code, § 6255, making a lender liable for penalties for usurious profits of an agent, and making any intermediary the lender's agent when he acts for both parties; and hence he is liable for the penalty of the statute where the brokers, in dealing with the makers, deducted usurious commissions.

Appeal by plaintiff from a judgment of the superior court for Spokane county, Sullivan, J., entered November 25, 1914, in favor of the plaintiff as reduced by certain penalties under the usury statute, in an action on a promissory note, tried to the court. Affirmed.

*Peacock & Ludden,* for appellant.

*John L. Wiley,* for respondents.

[1]Reported in 153 Pac. 1082.

BAUSMAN, J.—Edmonds, having sued the makers of a promissory note, appeals from a judgment in his favor reduced by certain penalties under our usury statute, Rem. & Bal. Code, § 6255 (P. C. 263 § 13), which, after prescribing these penalties, subjects the lender to usurious profits of an agent and makes any intermediary the lender's agent when he acts for both parties. The lower court held that certain persons, Dickson & Kelliher, were Edmonds' agents, and as this is the sole thing complained of here, we must examine the evidence.

What the Altmans were to pay in their note was $600, but what they actually received was $500. Edmonds, for his part, says he turned over the full sum to Dickson & Kelliher, who explain that they kept the difference as an earned commission. Both they and Edmonds deny that they were Edmonds' agents in any degree whatsoever.

It is conceded that the Altmans' dealings were wholly with Dickson & Kelliher, and counsel on both sides have employed much time to prove an agency by previous relations. But there is another and undisputed feature that is conclusive and simple. The Altmans' note does not run to Dickson & Kelliher. Edmonds is not here, though he calls himself a buyer of the note, as an indorsee of it, either actual or pretended. The note, payable directly to him, is a contract between him and the Altmans. Now Edmonds himself had never dealt with the Altmans, so we have a man lending money to people he never saw and disputing the agency of those who inserted his name in it. Somebody or other must have had authority to bring the parties together. Edmonds is not suing on a contract between the Altmans and Dickson & Kelliher, but on a contract between the Altmans and himself. Since he had nothing to do with the Altmans himself, he must have had an agent. He might have refused to take such a note and thus not have become *prima facie* responsible for what those who prepared it might have said or done. But he chose to accept it. From that moment, Dickson & Kelliher were his

agents. On the record here, they are his agents, either by authority or by ratification. Their illegal profit was his. Affirmed.

Morris, C. J., Main, Parker, and Holcomb, JJ., concur.