IN RE ESTATE OF AYMER D. DAVIS.

A. G. BAKER, Appellee, v. CLARA G. DAVIS, Executrix, Appellant.

No. 41739.

MAY 15, 1933.

REHEARING DENIED JANUARY 12, 1934.

J. L. Cameron and F. J. McGreevy, for appellant.

R. R. Bateson, for appellee.

DONEGAN, J.—A. D. Davis, who was a lawyer engaged in practice at Eldora, Iowa, died on the 17th day of October, 1928. Said Davis left a will in which his widow, Clara G. Davis, was named as executrix and which in due time was admitted to probate. On January 26, 1929, the claimant herein filed his claim in the district court of Hardin county, Iowa. This claim was later amended and as thus amended stated that about the month of November, 1920, A. D. Davis orally employed the claimant to do engineering and surveying work for him; that pursuant to said employment claimant did the matters and things as set out in his original claim, and that the fair and reasonable value of said services is as set out in the itemized statement incorporated in said claim.

The answer filed by defendant was in four divisions. Division one was a general denial. Division two alleged that the claimant did certain engineering work for clients of said Davis; that said Davis was not personally interested in any transactions with plaintiff, except as attorney; that said Davis never became personally liable to said claimant for engineering or surveying services; and that claimant knew that said Davis did not intend to become personally liable for such services. Division three alleged on information and belief that claimant had in some way been paid for the work for which claim is made. Division four alleged that certain of the items claimed by plaintiff were for separate and distinct services performed in connection with different drainage districts, that they were separate transactions and were not a part of an open running account, and that all items of plaintiff's claim down to and including an item of December 27, 1922, were barred by the statute of limitations.

Upon the trial of the case the claimant introduced evidence of witnesses other than himself tending to show his employment by the decedent, and also introduced in evidence five separate pages or sheets of what was claimed to be a loose-leaf system of accounting kept by him, and which are identified in the record as Exhibits A, B, C, C-1, D, and E. Exhibit A contains charges made by claimant for services performed in connection with drainage district No.

55. Exhibit B contains charges made by claimant for services performed in connection with drainage district No. 121. Exhibits C and C-1 contain charges made for services performed in connection with drainage district No. 45. Exhibit D contains charges made for services performed in connection with drainage district No. 123. And Exhibit E contains a recapitulation of the balances due for services performed in connection with each of the above-named drainage districts, an original entry for services performed in connection with a special paving assessment against one B. C. Hurd, and also all credits allowed said A. D. Davis for sums paid, and shows a balance due of $592.15. The jury rendered a verdict for the full amount of the balance shown by said exhibit, in the sum of $592.15, and judgment was entered upon the verdict for said amount. Exceptions to instructions and a motion for new trial filed by the defendant were overruled by the court, and defendant appealed to this court.

Appellant sets out 22 errors which are relied upon for reversal. These alleged errors can be separated generally into those having to do with the rulings of the court in connection with the evidence, those having reference to the statute of limitations, those based on the statute of frauds, and those having reference to the instructions given to the jury.

I. The errors which it is alleged occurred in connection with the rulings of the court upon evidence arose in connection with the Exhibits A, B, C, C-1, D, and E, which constituted the appellee's account, and the proof preliminary to the introduction of same. Such preliminary proof consisted of testimony by the claimant-appellee to the effect that he kept records on which he based his claim; that the records of the account were as shown by the exhibits and were in his own handwriting; that the entries were made in the course of his business; that they were made about the time designated; that they comprised all of his records in reference to the claim; that the items of charge and credit were true and correct; that the exhibits were true and correct statements of the matters and things they purported to show; that the witness was familiar with the fair and reasonable value of the services indicated by the exhibits; and that the items of charge set out in the exhibits represented the fair and reasonable value of the services rendered at the time and place therein referred to. To all of this preliminary proof and to the introduction of the exhibits themselves the defendant objected on the ground that the witness was incompetent under

the Dead Man's Statute, because they all had reference to transactions between the claimant-witness and the deceased. All of defendant's objections to the evidence thus offered were overruled by the court, and the exhibits were allowed to be introduced in evidence.

The question of the introduction of books of account to establish a claim against a deceased person was considered by this court in the case of Dysart v. Furrow, 90 Iowa 59, 57 N. W. 644. In that case we said:

"An examination as to the facts required to be shown preliminary to the introduction of a book of account is not an examination in regard to personal transactions or communications between the witness and the deceased, within the meaning of said section 3639. To properly understand and apply that restriction to an examination of a witness, we must have in mind the reason for the statute. By section 3636, 'every human being with sufficient capacity to understand the obligation of an oath is a competent witness in all cases both civil and criminal, except as herein otherwise declared.' The exceptions are not as to the competency of witnesses, but the restrictions that are placed upon their examination in said section 3639 and in section 3642 as to communications between husband and wife. Under said section 3636 all persons are competent witnesses, regardless of their relation to or interest in the action or proceeding. Each party may meet his adversary from the witness stand as well as in his pleadings, and admit or deny that which he has said as to personal transactions or communications between them. If the transaction or communication was personal, it must be known alike to both, and therefore either may admit or deny. When by death, insanity, or lunacy the lips of one party are closed, section 3639 wisely closes the mouth of his adversary as to personal transactions and communications which the silent party might from personal knowledge deny were he able to speak. Personal transactions and communications, as contemplated in the statute, are transactions and communications between the parties, of which both must have had personal knowledge. This defendant was a competent witness, and entitled to testify as to all material facts except as to such personal transactions and communications between him and the deceased. For him to testify that his book Exhibit A was his book of original entries, that the charges were made at or near the time of the transactions therein entered, and that he believed them to be just and true, would not be stating anything that the deceased, if

living, could deny from personal knowledge. The deceased might, if living, deny that he received any one or all of the items charged, but this would be denying that which the book tends to show, and not any of the three preliminary facts which defendant was prevented from showing. Roche v. Ware, 71 Cal. 375, 12 P. 284 [60 Am. Rep. 539]; Snell v. Parsons, 59 N. H. 521. This book of account, when properly authenticated, was admissible in evidence, even against the estate of a deceased person. The statute expressly and without qualification permits the preliminary facts to be shown by the party's oath, and in so showing them he is not examined as to personal transactions between him and the deceased."

In testifying to the matters preliminary to the introduction of the exhibits comprising his account, the claimant was not testifying to any personal transaction with the deceased. His testimony had reference to the account itself and the items comprising it; that these items have reference to and represent services claimed to have been performed for the decedent does not make the testimony offered in reference to the account and its items such testimony in regard to transactions with the decedent as is barred by the statute. We find no error in the rulings of the court in connection with the introduction of the exhibits comprising the account and the proof preliminary thereto.

II. Objection was made to the introduction of evidence in regard to certain items of the account and to the submission of these items to the jury on the ground that such items were barred by the statute of limitations (see Code 1931, sections 11007, 11011). This objection is based upon the claim that the last item of charge for work done in district 55 is April 28, 1921, and the last item of charge for work done in district 121 is August 26, 1921. Defendant's objection, however, is based upon the theory that claimant's account was against the owners of the land in the various districts and not against Davis, and that the account for each district was separate from all other accounts. The theory upon which the claim in this case was based, however, is that the claimant was employed by Davis; that the account was against Davis; and that, although kept by separate districts, it was only one continuous account against the same person.

Without going into the evidence in detail, it is sufficient to say that there was evidence upon which the jury might find that the claimant was employed by Davis, and that the claimant kept his

account with reference to Davis and not with reference to or as charges against the owners of land. The jury was instructed that, before they could find for the claimant, they must find that the decedent had personally employed the claimant and agreed to pay him for the services rendered. They were also instructed that, in order to find for the claimant, they must find that the account as shown by the exhibits constituted a continuous, open, current account, and the meaning of these terms was explained to them. The defendant asked no further instructions in regard to this phase of the case, and, in our opinion, the instructions given were fully warranted by the evidence and fully covered the matters thus submitted to the jury. In reaching its verdict the jury must have found that there was a continuous, open, current account against the decedent, Davis, and that the items to which defendant referred were not barred by the statute of limitations.

III. Further complaint is made by appellant that the alleged agreement made by the decedent, Davis, with the claimant is within the statute of frauds (Code 1931, section 11285), and that, since it was not in writing, it cannot be enforced by claimant. It is quite apparent, however, from the testimony of the witnesses who testified for plaintiff, that the agreement to which they testified was not an agreement upon the part of Davis to pay the debt of the different landowners, upon whose lands the claimant might do work, but was a direct and original agreement on the part of the decedent employing the claimant to perform work for him. The fact that this work was to be performed upon the lands of others in no way makes it an agreement to pay the debt of another. There is ample evidence in the record from which the jury might find, as it apparently did, that the claimant was not employed by the individual landowners either directly or indirectly, and that the contract of the landowners with the decedent was that he, Davis, was to employ an engineer for himself and not for the landowners.

IV. A part of instruction 1 given by the court was as follows:

"The account on which plaintiff's claim is based has been received in evidence before you, the same being designated Exhibits A, B, C, C-1, D and E. The total amount which plaintiff claims to be due him, as the case is submitted to you, on said account is the sum of $592.15."

Appellant excepted to this portion of the instruction and alleges error on the ground that such instruction gave undue prominence to the alleged original entries, Exhibits A, B, C, C-1, D, and E; that they were disputed by appellant and admitted over objections; and that the jury was not instructed to pass on their credibility or the claim that they were not original entries made at or about the dates the items bear. The portion of the instruction objected to was given in connection with the statement of the issues by the court. We do not find that any more prominence was given to this statement than to any other portion of the issues. The jury was instructed as to the weight of evidence and credibility of witness in another paragraph of the instructions. No further instruction was asked by appellant as to the matter of which she now complains. We find no merit in this allegation of error.

V. Appellant also objects to a portion of instruction 3 given by the court, which is as follows:

"That pursuant to such employment the plaintiff did do the matters and things, or some of them, as set out in plaintiff's statement of account, Exhibits A, B, C, C-1, D, and E;".

Exception is taken to this instruction on the ground that it singles out weak and objectionable evidence on the part of plaintiff, calls such exhibits a statement of account, and constitutes a direction against appellant's contention that they are not original entries.

The portion of the instruction referred to constitutes one of three propositions which the court instructed the jury must be established by the claimant in order to recover. The instruction contained a further explanation as to the meaning of preponderance of evidence and cautioned the jury that, if plaintiff failed to establish any one of these propositions by such preponderance of evidence, the claimant could not recover. The portion of the instruction objected to, when taken in connection with the entire instruction in which it is found, and in connection with all other parts of the court's charge to the jury, was in our opinion properly given to the jury and did not constitute error.

VI. Objection is also made to instruction 9. This instruction had reference to the defense of the statute of limitations. Matters connected with the statute of limitations have already been discussed in the second division of this opinion. We have gone over this instruction carefully and believe it presents a proper direction to the

jury as to the manner in which they were to consider the evidence presented and reach their determination as to whether or not certain portions of the claim were barred by the statute of limitations as contended by the appellant.

Other propositions contained in the errors relied upon for reversal are included in the matters which we have already discussed, and it is not necessary to extend this opinion further to consider them specifically and in detail.

We find no merit in the allegations of error relied upon by the appellant and the judgment of the trial court is, therefore, affirmed.

KINDIG, C. J., and STEVENS, ALBERT, ANDERSON, KINTZINGER, and MITCHELL, JJ., concur.

EVANS, J., takes no part.