IN RE ESTATE OF LEWIS CUMMINS.

GEORGE KETCHAM, Appellant, v. KATE CUMMINS, Executrix, Appellee.

No. 44773.

JUNE 20, 1939.

REHEARING DENIED SEPTEMBER 29, 1939.

A. L. Heminger, for appellant.

John N. Calhoun, for appellee.

MILLER, J.—Appellant's claim against the estate herein alleges that, at the instance and request of the decedent, appellant loaned him $1,000 in August 1930; that, at the end of a year, decedent asked that the loan be extended on the payment of $50 and in 1932, on the payment of $50, said loan was extended for another year, and again in August of each succeeding year up to and including 1935, on the payment of $50, the loan was extended on oral agreement between the appellant and the decedent; that there is still due and owing appellant $1,000

with five per cent interest from August, 1935, and that no part of the same has been paid. The answer of the executrix consisted of a general denial and a plea that the claim was barred by the statute of limitations.

The case was tried to the court, the jury being waived by agreement of the parties. At the close of the claimant's testimony, on motion of the executrix, the claim was dismissed upon the general broad statement that there had been an insufficiency of evidence to prove the nature of the obligation and its character, or that there was such a claim unpaid at the death of the decedent. Claimant has appealed to this court.

█ The principal piece of evidence relied upon by the claimant to establish his claim was an entry in an alleged book of accounts. This court has recognized that the prohibition of the "dead man statute" (section 11257 of the Code) does not render a claimant incompetent as a witness to testify to the preliminary facts required for the authentication of books of account, the admissibility of which is permitted by section 11281 of the Code. In re Estate of Davis, 217 Iowa 509, 248 N. W. 497; Dysart v. Furrow, 90 Iowa 59, 57 N. W. 644. Accordingly, appellant was a competent witness to testify to the facts required by section 11281 of the Code, if the alleged book of accounts was within the contemplation of such statute.

█ The difficulty with appellant's evidence lies in the fact that the alleged book of accounts did not come within the contemplation of the statute. The entry upon which appellant relies reads as follows: "1930. Aug. Loaned Lewis Cummings $1000 at 5%. 1931 Int. pd. $50; 1932 Int. pd. $50; 1933 Int. pd. $50; 1934 Int. pd. $50; 1935 Int. pd. $50." Such entry obviously referred to a transaction involving the loaning of money. In the case of Veiths v. Hagge, 8 Iowa 163, we state at page 187, as follows:

"We think the general rule is clearly established by these authorities, that a charge for 'money paid,' or 'money lent,' cannot be proved by a party's book of accounts; that such transactions are not usually the subject of a charge in account; and that charges of that nature are not such as are made in the ordinary course of business by one party against another."

To the same effect, see Sloan v. Ault, 8 Iowa 229; Cummins v. Hull's Admr., 35 Iowa 253; Security Co. v. Graybeal, 85 Iowa

543, 52 N. W. 497, 498, 39 Am. St. Rep. 311; United States Bank v. Burson, 90 Iowa 191, 57 N. W. 705.

Appellant asserts that the alleged book of accounts comes within an exception to the rule established by the foregoing decisions and relies upon the case of Young v. Jones, 8 Iowa 219a, wherein we state, at page 221, as follows:

"One of these rules is, that the loan, or payment of money, is not ordinarily the subject of a charge in book account; and that the charge not being such as is made in the ordinary course of business, by one party against another, cannot be proved by the account book. To render the book competent to prove the payment of money, the party offering it must show that he is engaged in a business to justify such charges; as, to illustrate, in the business of banking, or of receiving money on deposit, and paying it out for others."

To the same effect are Orcutt v. Hanson, 70 Iowa 604, 31 N. W. 950; and Levi v. Levi, 156 Iowa 297, 136 N. W. 696. We are unable to agree with counsel for appellant. The evidence is wholly insufficient to establish that appellant was engaged generally in the business of banking or paying out money for others, or loaning money to others. Such loans as he made appear to be casual and isolated transactions. Accordingly, the general rule applies and the alleged book of accounts was not admissible under section 11281 of the Code.

It should be added that the alleged book of accounts was merely a vest-pocket size memorandum book in which various and sundry penciled memoranda appear. The book is not the usual type of book of accounts in any sense of the word. It is even less so than that referred to by this court in the case of Mitchell v. Beck, 178 Iowa 786, 801, 156 N. W. 428, 160 N. W. 232, which we held did not come within the contemplation of the statute.

■ We have also recognized that before a proper book of accounts may be received in evidence, the party offering the same must introduce proof to meet all the requirements of the statute. Arney Bros. v. Meyer, 96 Iowa 395, 65 N. W. 337. The evidence failed to meet such requirements.

■ Accordingly, the trial court properly excluded the alleged book of accounts as incompetent. With this entry excluded, claimant's evidence consisted of the testimony of certain

witnesses regarding the payment to claimant by decedent of sums of $50 in 1933 and 1934, and admissions by decedent in 1933 and 1934 that he owed claimant $1,000. Such testimony might have value as corroboration had the alleged book of accounts been admitted. Standing alone, however, it is doubtful indeed that the evidence is sufficient circumstantial evidence to prove all the facts necessary to establish a claim against the estate of one deceased. Campbell v. Collins, 152 Iowa 608, 611, 132 N. W. 381. Also, there was some evidence tending to discredit some of claimant's witnesses. Considering the record as a whole, the court, sitting without a jury, was warranted in dismissing the claim.

The judgment is affirmed.—Affirmed.

MITCHELL, C. J., and SAGER, OLIVER, HALE, HAMILTON, STIGER, and BLISS, JJ., concur.